J-S30031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CLARENCE HENRY HART | |
| Appellant | No. 871 EDA 2015 |

Appeal from the PCRA Order entered April 1, 2015
in the Court of Common Pleas of Lehigh County
Criminal Division at No(s): CP-39-CR-0001737-2009

BEFORE: GANTMAN, P.J., FORD ELLIOTT, P.J.E., and JENKINS, J.

MEMORANDUM BY JENKINS, J.: **FILED MAY 13, 2016**

Appellant Clarence Henry Hart ("Appellant") appeals from the dismissal of his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. After careful review, we affirm.

On March 18, 2010, a jury convicted Appellant of robbery,[1] burglary,[2] theft by unlawful taking,[3] simple assault,[4] criminal conspiracy to commit robbery,[5] and criminal conspiracy to commit burglary.[6] The convictions

---

[1] 18 Pa.C.S. § 3701(a)(1)(iv).

[2] 18 Pa.C.S. § 3502(a).

[3] 18 Pa.C.S. § 3921(a).

[4] 18 Pa.C.S. § 2701(a)(1).

[5] 18 Pa.C.S. § 3701(a)(1)(iv); 18 Pa.C.S. § 903.

stemmed from a 2008 incident in which Appellant attacked and robbed an 83-year-old woman in her home. On July 6, 2010, the trial court sentenced Appellant to 5 to 10 years' incarceration on the robbery conviction, 10 to 20 years' incarceration on the burglary conviction, 1 to 2 years' incarceration on the simple assault conviction, 10 to 20 years' incarceration on the criminal conspiracy to commit burglary conviction, and 5 to 10 years' incarceration on the criminal conspiracy to commit robbery conviction. The trial court ordered all sentences to run consecutively, for an aggregate sentence of 31 to 62 years' incarceration.

Appellant filed post-sentence motions challenging the sufficiency and weight of the evidence and requesting the trial court reconsider and modify the sentence imposed. The trial court denied Appellant's post-sentence motions on July 29, 2010. Appellant filed a direct appeal to this Court, which affirmed his judgment of sentence on August 9, 2011. *See Commonwealth v. Hart*, 2419 EDA 2010 (unpublished memorandum). Appellant filed a petition for allowance of appeal, which our Supreme Court denied on February 9, 2012.

Appellant filed a timely *pro se* PCRA petition on February 12, 2013.[7] The PCRA court appointed counsel, who filed a *Turner/Finley*[8] no merit

*(Footnote Continued)* ───────────

[6] 18 Pa.C.S. § 3502(a); 18 Pa.C.S. § 903.

[7] Because Appellant did not file a petition for allocatur to the Supreme Court of the United States, his judgment of sentence became final on May 9, 2012,
*(Footnote Continued Next Page)*

letter on April 16, 2013. The PCRA court conducted a hearing on May 16, 2013, at which counsel reiterated her conclusions from the **Turner/Finley** letter that there was no legal basis on which to proceed with Appellant's PCRA petition. The PCRA court permitted counsel to withdraw. Appellant, however, indicated his desire to proceed at a later date with the claims contained in his PCRA petition. The PCRA court accordingly continued the hearing until October 17, 2013, to give Appellant an opportunity to hire private counsel or proceed *pro se*.

The PCRA court conducted a further evidentiary hearing on October 17, October 22, November 13, and December 4, 2013, with Appellant proceeding *pro se*. Thereafter, in an effort to streamline Appellant's issues for review, the PCRA court directed Appellant to file an amended PCRA petition on or before January 17, 2014, which date the court then extended to July 21, 2014.

_(Footnote Continued)_ ───────────────

90 days after the Supreme Court of Pennsylvania denied his petition for allocatur. **See** 42 Pa.C.S. § 9545(b)(3) ("a judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); **see also** U.S.Sup.Ct.Rule 13.1 (allowing 90 days for the filing of a writ of *certiorari* in the Supreme Court of the United States); **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa.Super.2002). 2012 was a Leap Year. Therefore, Appellant had until May 9, 2013 to timely file his PCRA petition.

[8] **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*).

The PCRA court scheduled another evidentiary hearing for February 26, 2015. Appellant requested the PCRA court appoint him counsel to proceed in his PCRA representation, which request the PCRA court denied on February 4, 2015. Appellant appealed the denial of his request for the appointment of counsel on February 25, 2015, the day before the scheduled hearing.

At the February 26, 2015 hearing, the PCRA court again instructed Appellant to file an amended PCRA petition, and cautioned Appellant his failure to comply would result in the dismissal of his original petition. Appellant failed to file an amended PCRA petition as instructed, and on April 1, 2015, the court filed an order dismissing Appellant's PCRA petition, together with a Rule 1925(a) opinion discussing Appellant's appeal of the court's denial of Appellant's request for the appointment of counsel. Appellant appealed.[9]

_____

[9] Appellant originally filed his notice of appeal on February 12, 2015 in response to the PCRA court's February 4, 2015 denial of his request for the appointment of second PCRA counsel following his PCRA counsel's **Turner/Finley** letter. This appeal was not reviewable as interlocutory. However, because the PCRA court denied Appellant's PCRA petition on April 1, 2015, we treat Appellant's interlocutory appeal as having been properly and timely filed in response to the denial of his PCRA petition. **See** Pa.R.A.P. 905(a)(5) ("A notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof."). We have changed the caption to reflect this procedural posture.

In his *pro se* brief, filed with this Court on November 12, 2015, Appellant raises the following issues for review:

I. Trial counsel was ineffective under the Sixth and Fourteenth Amendment[s] of the United States Constitution and the Pennsylvania Constitution for failing to investigate [Appellant's] mental health history and/or develop it as a possible defense and/or trial strategy.

II. Trial counsel was ineffective under the Sixth and Fourteenth Amendment[s] of the United States Constitution and the Pennsylvania Constitution for failing to investigate and present available mitigation evidence during [Appellant's] sentencing hearing.

III. Trial counsel was ineffective under the Sixth and Fourteenth Amendment[s] of the United States Constitution and the Pennsylvania Constitution for failing to present any mitigation defense during the sentencing hearing.

IV. PCRA counsel was ineffective under the Sixth and Fourteenth Amendment[s] of the United States Constitution and the Pennsylvania Constitution for failing to adequately review [Appellant's] case files [sic] and/or challenge the deficient stewardship of trial counsel.

V. [Appellant] also seeks to challenge the legality of the mandatory minimum sentence that was imposed by the Court of Common Pleas [of] Lehigh County.

Appellant's Brief, pp. 10, 12, 13-14, 15 (unnecessary capitalization removed).

Our standard of review is well-settled. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa.2014) (internal quotation marks and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support

for the findings in the certified record." ***Commonwealth v. Barndt***, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Commonwealth v. Spotz***, 84 A.3d 294, 311 (Pa.2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." ***Commonwealth v. Robinson***, 82 A.3d 998, 1013 (Pa.2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa.Super.2014) (citation omitted).

Pennsylvania courts apply the ***Pierce***[10] test to review claims of ineffective assistance of counsel:

> When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. We have interpreted this provision in the PCRA to mean that the petitioner must show: (1) that his claim of counsel's ineffectiveness has merit; (2) that counsel had no reasonable strategic basis for his action or inaction; and (3) that the error of counsel prejudiced the petitioner-i.e., that there is a reasonable probability that, but for the error of counsel, the outcome of the proceeding would have been different. We

---

[10] ***Commonwealth v. Pierce***, 527 A.2d 973 (Pa.1987).

> presume that counsel is effective, and it is the burden of Appellant to show otherwise.

***Commonwealth v. duPont***, 860 A.2d 525, 531 (Pa.Super.2004) (internal citations and quotations omitted). The petitioner bears the burden of proving all three prongs of this test. ***Commonwealth v. Meadows***, 787 A.2d 312, 319-320 (Pa.2001). "If an appellant fails to prove by a preponderance of the evidence any of the ***Pierce*** prongs, the Court need not address the remaining prongs of the test." ***Commonwealth v. Fitzgerald***, 979 A.2d 908, 911 (Pa.2010) (citation omitted).

Appellant first alleges trial counsel provided ineffective assistance by failing to investigate and develop his mental history as a possible defense. ***See*** Appellant's Brief, pp. 10-12. This claim is waived.

Appellant did not raise this claim in his PCRA petition and neither appointed counsel nor Appellant filed an amended petition. Appellant also did not file a response to appointed counsel's ***Turner/Finley*** letter. Accordingly, Appellant waived this issue for appeal.[11] ***See*** Pa.R.A.P. 302(a)

---

[11] We acknowledge that Appellant's PCRA petition raised a claim that trial counsel was ineffective for failing to inform the sentencing court at the time of sentencing that Appellant's mental health was impaired due to his allegedly having refrained from food and drink for the previous ten days. ***See*** PCRA Petition, Typed Portion, p. 2, ¶ 14. This claim, however differs from Appellant's claim that trial counsel provided ineffective assistance by failing to investigate and develop a trial defense regarding Appellant's mental health history. ***See Commonwealth v. Rush***, 959 A.2d 945, 949 (Pa.Super.2008) (noting appellate court cannot review legal theory in support of a claim unless that particular legal theory was presented to the lower court).

("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."); *see also Commonwealth v. Colavita*, 993 A.2d 874, 891 (Pa.2010) ("[The Pennsylvania Supreme] Court has consistently held that an appellate court cannot reverse a trial court judgment on a basis that was not properly raised and preserved by the parties.").

Appellant's next two claims allege trial counsel provided ineffective assistance by failing to present mitigation witnesses at sentencing. *See* Appellant's Brief, pp. 12-24. This claim fails.

> [I]n the particular context of the alleged failure to call witnesses, counsel will not be deemed ineffective unless the PCRA petitioner demonstrates: (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of[,] the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super.2012); *see also Commonwealth v. Johnson*, 966 A.2d 523, 536 (Pa.2009) (quoting *Commonwealth v. Washington*, 927 A.2d 586, 599 (Pa.2007)). "Moreover, [the petitioner] must show how the uncalled witnesses' testimony would have been beneficial under the circumstances of the case." *Commonwealth v. Gibson*, 951 A.2d 1110, 1134 (Pa.2008).

Here, Appellant has not identified any individuals he alleges trial counsel should have called on his behalf, whether trial counsel knew of such persons' existence or whether such individuals were willing to testify on

Appellant's behalf. Further, Appellant does not provide a statement or affidavit from any possible witnesses or otherwise outline their expected testimony to allow the PCRA court to determine whether the absence of the witnesses' testimony prejudiced Appellant. In short, Appellant has failed to illustrate any of the five requirements proving ineffectiveness for a failure to call a witness claim. As a result, Appellant's ineffectiveness claim fails.

Next, Appellant claims PCRA counsel provided ineffective assistance of counsel by failing to adequately review the record and raise trial counsel's inadequacies. *See* Appellant's Brief, pp. 14-15. This claim is waived.

Claims of PCRA counsel ineffectiveness cannot be raised for the first time on appeal. *See Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa.Super.2014). Instead, such claims must be raised in response to PCRA counsel's *Turner/Finley* letter or in response to a PCRA court's Pa.R.A.P. Rule 907 notice of intent to dismiss. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa.2009) (noting appellant's failure to object to PCRA counsel's stewardship after receiving counsel's withdrawal letter and the notice of the PCRA court's intent to dismiss his petition pursuant to Pa.R.Crim.P. 907, results in waiver of PCRA counsel ineffectiveness claim).

Here, Appellant did not object to PCRA counsel's performance in a response to counsel's *Turner/Finley* letter, the PCRA court's notice of intent to dismiss, or otherwise. Instead, Appellant attempts to bring his claim of PCRA counsel ineffectiveness for the first time on appeal, and it is accordingly waived.

Finally, Appellant argues the imposition of a mandatory minimum sentence resulted in an illegal sentence under **Alleyne v. United States**, -- U.S. ---, 133 S.Ct. 2151 (2013).[12]  **See** Appellant's Brief, pp. 15-19.  He is incorrect.

A review of the record reveals the trial court did not impose any mandatory minimum sentence on Appellant.  Because Appellant was not sentenced pursuant to any mandatory minimum statute, **Alleyne** does not apply and affords Appellant no relief.

Appellant's claims fail for the reasons stated above.[13]  Accordingly, we affirm the order of the PCRA court dismissing Appellant's PCRA petition.

Order affirmed.

_____

[12] In **Alleyne**, the Supreme Court of the United States held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155.

[13] To the extent Appellant further alleges the trial court erred in not appointing PCRA counsel, we note that trial court did, in fact, appoint counsel, who performed a conscientious review of the record and determined Appellant's issues were meritless.  Following counsel's **Turner/Finley** letter, Appellant had a right to proceed with private counsel or *pro se*, which he did. The PCRA court did not err by denying Appellant's request to appoint new counsel following counsel's **Turner/Finley** letter and withdrawal.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/13/2016